IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JAVIER TORRES NEGRON,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 11-1264 (DRD)
(CRIMINAL 08-0204(DRD))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 27, 2008, petitioner Javier Torres Negron and 110 other defendants were charged in a seven-count indictment which included charges for serious narcotics and weapons violations, including a forfeiture count. (Criminal 08-0204 (DRD), Docket No. 3.) Petitioner was charged in all counts.

This matter is before the court on motion filed by petitioner Javier Torres Negron on March 15, 2011 to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 1.) The government filed a response in opposition to the motion on June 13, 2011. (Docket No. 3.) The matter was referred to me for report and recommendation on February 7, 2012. (Docket No. 5).

CIVIL 11-1264 (DRD)                                    2
(CRIMINAL 08-0204 (DRD))

Having considered the arguments of the parties and for the reasons set forth below, I recommend that the petitioner's motion to vacate sentence be DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On September 21, 2009, petitioner Javier Torres Negron filed a motion for change of plea. (Criminal 08-0204 (DRD), Docket No. 2306.)  On October 6, 2009, he pleaded guilty before me to counts one and six of the seven-count indictment.  (Criminal 08-0204 (DRD), Docket No. 2374.)  He was charged in the first count in that he did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and distribute controlled substances, to wit: in excess of fifty grams of cocaine base, a Schedule II Narcotic Drug Controlled Substance; and/or in excess of one kilogram of heroin, a Schedule I Narcotic Drug Controlled Substance; and/or in excess of five kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance,  and/or in excess of 100 kilograms of marijuana, a Schedule I Controlled Substances, within 1,000 feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground, as prohibited by Title 21, United States Code, Section 841(a)(1) and 860. All in violation of 21 U.S.C.

CIVIL 11-1264 (DRD)                         3
(CRIMINAL 08-0204 (DRD))

§ 846.  (Criminal 08-204 (DRD), Docket No. 3.)   Count SIX of the indictment charges that from no later than in or about 2003 up to the date of the indictment, in the District of Puerto Rico and within the jurisdiction of this court, petitioner did knowingly  did knowingly and intentionally combine, conspire, confederate and agree together and with each other and with diverse other persons, to commit an offense against the United States, that is to knowingly and intentionally  possess firearms during and in relation to a drug trafficking crime as charged in Counts One through Five, as prohibited by Title 18, United States Code §924(c)(1)(A). All in violation of 18 U.S.C. § 922(o).  According to a plea agreement signed by petitioner, the remaining counts were to be dismissed at the time of sentence.

      The plea agreement was signed by petitioner on the same day that petitioner entered a guilty plea pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. (Criminal 08-0204 (DRD), Docket No. 2372.)

      The sentencing hearing was held on February 9, 2010.  The court sentenced the petitioner to 180 months of imprisonment as to Count One and 180 months as to Count Six to be served concurrently with each other. (Criminal 08-0204 (DRD), Docket No. 3261.)   Petitioner was also sentenced to serve a ten year term of supervised release in Counts One and Six, to be served concurrently.

      On March 15, 2011, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ( Docket No. 1.)  Petitioner claims that

CIVIL 11-1264 (DRD)                              4
(CRIMINAL 08-0204 (DRD))

he suffered due to ineffective assistance of counsel, since his attorney failed to adequately investigate his mental competency and ability to knowingly and intelligently enter a plea. He also alleges ineffective assistance of counsel in that a downward departure was not sought pursuant to U.S.S.G. §5K2.13.  Petitioner argues that his sentence was disproportionate and violated the Eighth Amendment, notwithstanding the plea agreement (which the sentencing court favorably followed).  Finally, petitioner argues that counsel was ineffective for failing to request consideration for adjustments related to Amendment 706 of the United States Sentencing Commission Guidelines, and for failing to preserve his rights under the Fair Sentencing Act of 2010.  The short answer to this last argument is that petitioner was held accountable for a large amount of cocaine and not cocaine base, thus rendering application of Amendment 706 inapplicable. The short answer to the other arguments is that there is nothing in the record or in the Pre-Sentence Investigation Report to reflect an issue of mental capacity. The sentence, one which was bargained for, can hardly be viewed as excessive under the circumstances. A life sentence might have been excessive, but still within the parameters of a legal sentence.

On June 13, 2011, the government filed a response in opposition to the petitioner's motion arguing basically that it should be summarily denied because it is untimely.  The government does not address the merits of the petition.

CIVIL 11-1264 (DRD)                            5
(CRIMINAL 08-0204 (DRD))

Docket No. 3.) It notes that judgment was entered on February 16, 2010 and that no appeal was filed. (Criminal 08-0204 (DRD), Docket No. 3262.) Therefore the conviction became final on March 2, 2010.

## II.  ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a); Hill v. United States, 368 U.S. 424, 426-27 n.3 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998). The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing. Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)). It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case." United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)). "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which,

CIVIL 11-1264 (DRD)                                  6
(CRIMINAL 08-0204 (DRD))

if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'"  United States v. McGill, 11 F.3d at 226 (quoting Shraiar v. United States, 736 F.2d 817, 818 (1st Cir. 1984)).

. The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief.  See Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).  The current petition was filed over a year from the date petitioner's sentence became final and unappealable.

President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences.  In its pertinent part, section 2255 reads:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by  governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such government action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

CIVIL 11-1264 (DRD)                              7
(CRIMINAL 08-0204 (DRD))

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255, ¶ 6.

The terse argument of the United States, that the petition is time-barred, is correct.  The petition does not describe any circumstances that fall within any of the exceptions which would equitably toll the limitations period of the statute. See e.g. Ramos-Martinez v. United States, 638 F.3d 315, 321-24 (1st Cir. 2011). Petitioner's pleading was signed on March 9, 2011, and placed in the prison legal mail system on the same date.  The petition was stamped at the Clerk's office on March 15, 2011.  If one considers that the original petition was placed in the prison mail system on March 9, 2011, see Houston v. Lack, 487 U.S. 266, 270-71 (1988); Morales Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999), one is forced to conclude that petitioner's claim is time-barred.   See Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001).

### III.  CONCLUSION

I find that petitioner Javier Torres Negron's motion under 2255 is time-barred. In view of the above, I recommend that petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

CIVIL 11-1264 (DRD)                            8
(CRIMINAL 08-0204 (DRD))

  Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

  At San Juan, Puerto Rico, this 9th day of February,  2012.

          S/JUSTO ARENAS
        United States Magistrate Judge

1 | CIVIL 11-1264 (DRD)                                    9
2 | (CRIMINAL 08-0204 (DRD))
3 |
4 |
5 |
6 |
7 |
8 |
9 |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |
24 |
25 |
26 |
27 |
28 |

CIVIL 11-1264 (DRD)                             10
(CRIMINAL 08-0204 (DRD))

S/ JUSTO ARENAS
                                United States Magistrate Judge