UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER TORRES NEGRON, | |
| Petitioner, | Civil No. 11-1264 (DRD) |
| | Criminal No. 08-204 [2] (DRD) |
| UNITED STATES OF AMERICA, | |
| | 28 U.S.C. § 2255 |
| Respondent. | |

**OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION**

Pending before the Court is petitioner Javier Torres Negrón ("Torres Negrón") *Motion To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody* pursuant to 28 U.S.C. § 2255. *See* Docket No. 1. For the reasons set forth below, the petitioner's motion under 28 U.S.C. § 2255 is denied, as being time barred.

This matter was referred to United States Magistrate Judge Justo Arenas ("Magistrate Judge Arenas" or "Magistrate Judge"), who recommended, through a *Report and Recommendation* entered on February 9, 2012, that the petitioner's motion for post-conviction relief be denied. *See* Docket No. 6. As of this date, the *Report and Recommendation* issued by Magistrate Judge Arenas stands unopposed.[1] The *Report and Recommendation* is, hence, deemed unopposed to be reviewed only under the "plain error" standard.

**Standard of Review**

The District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. 28 U.S.C. § 636(b)(1)(B) (1993); Rule 72(b) of the Federal Rules of

---

[1]    The record shows that on March 26, 2012, that is, 28 days after the due to file the objections to the *Report and Recommendation* entered by Magistrate Judge Arenas, the petitioner filed a *Pro Se Petitioner's Motion for Leave to Supplement his Previously filed 28 U.S.C. § 2255 Motion*, Docket No. 7. The Court has considered the request as a supplemental filing.

Civil Procedure ("Fed. R. Civ. P."); Rule 72 of the Local Rules for the District of Puerto Rico

("Local Rules"). *See Mathews v. Weber*, 423 U.S. 261 (1976). As a general rule, an adversely

affected party may contest the Magistrate Judge's report and recommendation by filing its objections

within fourteen (14) days after being served a copy thereof. *See* Local Rule 72; Fed.R.Civ.P. 72(b).

Moreover, 28 U.S.C. § 636(b)(1), in its pertinent part, provides that:

> Within fourteen days of being served with a copy, any party may
> serve and file written objections to such proposed findings and
> recommendations as provided by rules of court. A judge of the court
> shall make a de novo determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made. A judge of the court may accept, reject, or modify, in whole
> or in part, the findings or recommendations made by the magistrate.

However, "[a]bsent objection by the plaintiffs, [a] district court ha[s] a right to assume that

[a party] agree[s] to the magistrate's recommendation." *Templeman v. Chris Craft Corp.*, 770 F.2d

245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections

to the Report and Recommendation waives that party's right to review in the district court and those

claims not preserved by such objection are precluded on appeal." *Davet v. Maccarone*, 973 F.2d 22,

30-31 (1st Cir. 1992). Thus, in order to accept the unopposed *Report and Recommendation*, the

Court needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record.

*See Douglass v. United Servs. Auto, Ass'n*, 79 F.3d 1415, 1419 (5th Cir. 1996)(*en banc*)(extending

the deferential "plain error" standard of review to the unobjected legal conclusions of a magistrate

judge); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)(*en banc*)(appeal from district

court's acceptance of unobjected findings of magistrate judge reviewed for "plain error");

*Nogueras-Cartagena v. United States*, 172 F.Supp.2d 296, 305 (D.P.R. 2001) ("Court reviews

[unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's

recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed.R.Civ.P 72(b)); *Garcia v. I.N.S.*, 733 F.Supp. 1554, 1555 (M.D.Pa. 1990)("when no objections are filed, the district court need only review the record for plain error").

In the instant case, the Magistrate Judge issued a *Report and Recommendation* on February 9, 2012, Civil No. 11-1264, Docket No. 6.   The Magistrate Judge granted the parties fourteen days to object the *Report and Recommendation*, from its receipt.   The record shows that, as of this date, the *Report and Recommendation* stands unopposed, except for the petitioner's motion for leave to supplement, *see Fn.1 infra*, and Docket No. 7, filed 28 days after the due date to file the objections to the *Report and Recommendation*, Docket No. 6.  We therefor review the Magistrate's *Report and Recommendation* only under "clear erroneous" or "plain error" standard.

### Factual and Procedural Background

Petitioner Torres Negrón was charged with seven counts in the Indictment,[2] to wit: (a) Count One for participation in a conspiracy in which he was one of the leaders, and the object was to distribute controlled substances at several places within the Municipality of Ponce, such as, the Ernesto Ramos Antonini Public Housing Project, also known as "Pampanos," El Tuque Ward, Salistral Ward, an Rosaly Public Housing Project, as well as the Kennedy Public Housing Project in the Municipality of Juana Díaz, from which a significant financial gain and profit was derived; as a leader Torres Negrón "received proceeds from and was in charge of the drug trafficking organization's drug distribution points located at El Tuque Ward," all in violation of   21 U.S.C. § 846, 841(a)(1), 860, *see* Docket No. 3, pages 14-15; (b) Count Two for possession with intent to

---

[2]        The Indictment was returned on May 27, 2008, *see* Criminal No. 08-204 (DRD), Docket entries No. 3 and 4.  All references made hereinafter to the Indictment corresponds to "Docket No. 3."

distribute heroin within the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, *see* Docket No. 3, page 25; c) Count Three for possession with intent to distribute cocaine base in the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, *see* Docket No. 3, page 28; (d) Count Four for possession with intent to distribute cocaine in the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, *see* Docket No. 3, page 32; (e) Count Five for possession with intent to distribute marijuana in the Municipalities of Ponce and/or Juana Díaz, "within one thousand (1,000) feet of the real property comprising a public or private school and/or housing facility owned by a public housing authority and/or a playground," all in violation of 21 U.S.C. §§ 841(a)(1), 860; and 18 U.S.C. § 2, *see* Docket No. 3, page 35; (f) Count Six for "knowingly and intentionally, combine, conspire, and agree amongst with the defendants and with diverse other persons, to commit and an offense against the United States, that is, to knowingly and intentionally possess firearms during and in relation to a drug trafficking crime," all in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(o), *see* Docket No. 3, pages 36-37; (g) Count Seven for forfeiture due to a conviction of any or all of the controlled substances offenses charged in the Indictment, as provided by 21 U.S.C. §§ 853(a)(1) and (2), the United States shall forfeit "any property constituting, or derived from, proceeds obtained, directly or indirectly, as

a result of said violation and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, . . . including rights, titles, interest in property, . . . money," *see* Docket No. 3, pages 37-38.

On September 21, 2009, Torres Negrón moved the Court to change his non-guilty, and on October 6, 2009, petitioner pled guilty to Counts One and Six of the seven count Indictment. *See* Criminal No. 08-204[2] (DRD), Docket entries No. 2306, 2372 and 2374. *See also Amended Plea Agreement*, Docket No. 3253. Petitioner was sentenced on February 9, 2010, *see* Docket No. 3262. "The court sentenced the petitioner to 180 months of imprisonment as to Count One and 180 months as to Count Six to be served concurrently with each other. (Criminal 08-204 (DRD), Docket No. 3261). Petitioner was also sentenced to serve a ten year term of supervised release in Counts One and Six." *See Report and Recommendation*, Civil No. 11-1264 (DRD), Docket No. 6, page 3. Counts Two, Three, Four, Five and Seven were dismissed, as a condition of the *Plea Agreement*, *see Judgment*, Criminal No. 08-204 (DRD), Docket No. 3262.

Petitioner Torres Negrón was sentenced on February 9, 2010, and the *Judgment* was entered on February 16, 2010, *see* Criminal No. 08-204 (DRD), Docket No. 3262. Hence, the *Judgment* became final and unappealable on March 2, 2010, pursuant to the provisions of Rule 4(b)(1)(A) of the Federal Rules of Criminal Procedure. Mr. Torres Negrón mailed its Petitioner's motion under § 2255 on March 9, 2011, and was filed with the Court on March 15, 2011, *see* Civil No. 11-1264 (DRD), hence, 378 days after the *Judgment* became final and unappealable. Section 2255(f)((1) provides in its relevant part that "[t]he limitation period shall run from the latest

of ... the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).[3]  Thus,

the petition filed by Torres Negrón under Section 2255 is time barred.  *See* Civil No. 11-1264,

Docket No. 3-1.

Petitioner Torres Negrón claims that his sentence should be vacated due to the ineffective

assistance of his counsel.  *See* Civil No. 11-1264 (DRD), Docket No. 1.  In a nutshell, Torres

Negrón claims that "his attorney failed to adequately investigate his mental competency and ability

to knowingly and intelligently enter a plea."  *See Report and Recommendation*, Docket No. 6,

page 4.  Petitioner further alleges "ineffective assistance of counsel in that a downward departure

was not sought pursuant to U.S.S.G. § 5K2.13."  *Id.*  Mr. Torres Negrón claims that "his sentence

was disproportionate and violated the Eighth Amendment, notwithstanding the plea agreement ...

Finally, petitioner argues that counsel was ineffective for failing to request consideration for

adjustments related to Amendment 706 of the United States Sentencing Commission Guidelines, and

for failing to preserve his rights under the Fair Sentencing Act of 2010."  *Id.*  The Magistrate Judge

further found that the petitioner was "held accountable only for a large amount cocaine and not

cocaine base, thus rendering the application of Amendment 706 inapplicable."  *Id.*  As to the other

arguments, the Magistrate Judge found that "there is nothing in the record or in the Pre-Sentence

Report to reflect an issue of mental capacity.  The sentence, one which was bargained for, can hardly

---

[3]      In *Alamo-Hornedo v. Puig*, et al., ___ F.3d ___, 2014 WL 998412 (1st Cir.(P.R.) March 17, 2014),
the Court held:

> A leading lexicographer defines a statute of limitations as "a statute establishing
> a time limit for suing in a civil case, based on the date when the claim accrued
> (as when the injury occurred or was discovered)."  Black's Law Dictionary 1546
> (9th ed.2009).  The main reason for establishing a limitations period is to ensure
> the diligent presentation of known claims by promoting the "elimination of stale
> claims, and certainty about a plaintiff's opportunity for recovery and a
> defendant's potential liabilities."  *Rotella v. Wood*, 528 U.S. 549, 555 (2000).

be viewed as excessive under the circumstances.  A life sentence might have been excessive, but still within the parameters of a legal sentence." *Id.*

The Government opposed to the petition filed by Torres Negrón on the grounds that the petition is untimely, hence, an evidentiary hearing is not warranted.  *See* Civil No. 11-1264 (DRD), Docket No. 3.  The Government's response failed to address the petitioner's claims related to the ineffective assistance of counsel.  *See generally*, Civil No. 11-1264 (DRD), Docket entries No. 3 and 6.

## Applicable Law and Discussion

The Court finds that the legal analysis made by Magistrate Judge Arenas is complete and thorough, not to mention that it stands unopposed as of the date of this writing.  Hence, the Court adopts *in toto* the Magistrate Judge's analysis.  The Court further agrees with the recommendation of the Magistrate Judge, specifically as to the finding that the instant petition is time barred, and incorporates herein the corresponding legal analysis included in the *Report and Recommendation*, Civil No. 11-1264, Docket No. 6, pages 6-7.

> The Antiterrorism and Effective Death Penalty Act instituted a limitations period of one year from the date on which a prisoner's conviction became final within which to seek federal habeas relief.  *See Pratt v. United States*, 129 F.3d 54, 58 (1ˢᵗ Cir.1997).   The current petition was clearly filed over a year from the date petitioner's sentence became final and unappealable.

> President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which instituted a time limitation period for the filing of motions to vacate or reduce criminal federal sentences.  In its pertinent part, section 2255 reads:

> > A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion

> created by governmental action in violation of the
> Constitution or laws of the United States is removed, if the
> movant was prevented from making a motion by such
> government action;
> (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims
> presented could have been discovered through the exercise of
> due diligence.

28 U.S.C. § 2255, ¶ 6.

> The terse argument of the United States, that the petition is time-barred, is
> correct. The petition does not describe any circumstances that fall within any
> of the exceptions which would equitably toll the limitations period of the
> statute.  *See e.g. Ramos-Martinez v. United States*, 638 F.3d 315, 321-24
> (1st Cir.2011).  Petitioner's pleading was signed on March 9, 2011, and
> placed in the prison legal mail system on the same date.  The petition was
> stamped at the Clerk's office on March 15, 2011.  If one considers that the
> original petition was placed in the prison mail system on March 9, 2011, *see*
> *Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Morales Rivera v.*
> *United States*, 184 F.3d 109, 110 (1st Cir.1999), one is forced to conclude that
> petitioner's claim is time-barred.  *See Trenkler v. United States*, 268 F.3d 16,
> 24-27 (1st Cir.2001).

*See Report and Recommendation*, Civil No. 11-1264, Docket No. 6, pages 6-7; *see also* Docket

No. 3-1.  The Magistrate Judge recommended that the petitioner's motion under 28 U.S.C. § 2255

be denied without evidentiary hearing, and the Court fully agrees with the Magistrate Judge's

recommendation.

### A Final Note

The record shows that, on March 26, 2012, the petitioner filed a *Pro Se Petitioner's Motion*

*for Leave to Supplement His Previously Filed 28 U.S.C. § 2255 Motion*, Docket No. 7.  After a

careful review of petitioner's supplemental motion, the Court finds that the same is denied on the

following grounds: (a) Petitioner Torres Negrón pled guilty voluntarily, *see Amended Plea*

8

*Agreement*, Criminal No. 08-204 [2] (DRD), Docket No. 3252, ¶ 16; (b) Petitioner Torres Negrón agreed ... [to] accept this Plea Agreement ... according to its terms, conditions and recommendations, defendant [Torres Negrón] waives and surrenders his right to appeal the judgement and sentence in this case," *Id.* at ¶ 17; c) upon the acceptance and signing of the *Amended Plea Agreement*, the defense counsel has no obligation to file an appeal; and lastly, (d) the petition was filed tardy, that is, over one year after the sentence became final and unappealable.   Moreover, the petitioner has failed to show any extraordinary circumstances that may support a finding of equitable tolling.

### Certificate of Appealability

For the reasons previously stated, the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. § 2255.  It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### Conclusion

The Court fully agrees with the analysis and the recommendations made by Magistrate Judge Arenas, hence, the Court adopts *in toto*, the *Report and Recommendation*, Civil No. 11-1264, Docket No. 6, as supplemented herein.[4]  The Court further finds that there is no plain error, in the well supported analysis made by Magistrate Judge Arenas based on the record and the applicable law.  For the reasons set forth above, petitioner's *Motion to Vacate, Set Aside, or Correct Criminal Sentence Pursuant to 28 U.S.C. § 2255*, Docket No. 1, is denied, as being time barred.  Petitioner's

---

[4]    "The Court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff."  Where as here, a [Magistrate] "has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." *See Lawton v. State Mut. Life Assu. Co. Of Am.*, 101 F.3d 218, 220 (1st Cir.1996); *Ayala v. Unión de Tronquistas de Puerto Rico, Local 901*, 74 F.3d 344, 345 (1st Cir.1996); *In Re San Juan Dupont Plaza Hotel Fire Litig.*, 989 F.2d 36, 38 (1st Cir.1993).

motion for leave to file a supplement motion, Docket No. 7, is denied.

For the reasons set forth above, petitioner's claims are hereby dismissed with prejudice.

Judgment will be entered accordingly.

This case is closed for all administrative and statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of March, 2014.

s/Daniel R. Domínguez
DANIEL R. DOMINGUEZ
United States District Judge
